UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No. 20-CR-228 (TNM) |
| v. | : | |
| | : | |
| VALERIY KOUZNETSOV, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this sentencing memorandum to assist the Court's consideration of the relevant issues. Defendant Valeriy Kouznetsov faces a guideline sentencing range of 21 to 27 months of imprisonment and a statutory maximum sentence of five years of imprisonment. For the reasons set forth below, the United States respectfully recommends that the Court impose a sentence of 21 months of imprisonment followed by a three-year term of supervised release.

**PROCEDURAL HISTORY**

On October 21, 2020, a federal grand jury returned a three-count Indictment charging Defendant with (1) Threatening to Kill and Injure the President of the United States, in violation of 18 U.S.C. § 871(a); (2) Threatening to Injure a Person, in violation of 22 D.C. Code § 1810; and (3) Unlawful Entry on Private Property, in violation of 22 D.C. Code § 3302(a)(1), all related to an incident that occurred on July 12, 2020, at the Trump International Hotel located at 1100 Pennsylvania Avenue NW in Washington, D.C.

Defendant was initially arrested in July 2020 in the District of Maryland for violations of his federal supervised release conditions in *United States v. Valeriy Kouznetsov*, Case No. 19-CR-

1

393 (TDC), including for, but not limited to, the charged offense conduct in this case. On February 25, 2021, the Honorable Theodore D. Chuang, United States District Judge for the District of Maryland, issued a judgment pursuant to the defendant's plea to Violation Nos. 1, 3, 5, 6, and 10 of the July 17, 2020 Petition for Revocation of Supervised Release in that case and sentenced the defendant to time served (D. Md., Case No. 19-CR-393 (TDC), ECF No. 41). The Government dismissed Violation Nos. 2, 7, 8, and 9 (*id.*). Violation No. 4 was held in abeyance (*id.*). Defendant was then transferred to custody in this case pursuant to the arrest warrant. (ECF No. 11.) On March 15, 2021, the Court granted the Government's Motion for Pretrial Detention. (March 15, 2021 Minute Entry.)

On August 6, 2021, pursuant to a Plea Agreement, Defendant pleaded guilty to Count 1 of the Indictment, Threatening to Kill and Injure the President of the United States, in violation of 18 U.S.C. § 871(a). (ECF Nos. 20 and 21.)

## ANALYSIS

### I. The Offense Conduct

As set forth in the Statement of Offense acknowledged and agreed to by Defendant (ECF No. 21), on July 12, 2020, Defendant approached the Trump International Hotel located at 1100 Pennsylvania Avenue NW in Washington, D.C., climbed over bike rack fencing that surrounded the perimeter of the building, and attempted to enter the building. Defendant encountered multiple employees of the hotel, including security and other professional staff, to which he stated, in part, that he would kill and harm the then-President of the United States, Donald J. Trump. Defendant also stated, in part, that he would kill and harm employees of the Trump International Hotel.

Defendant has acknowledged that, at the time of this incident, he understood and meant the statements made as threats. Defendant has also acknowledged that he made those statements knowingly and willfully, that is, intending that the statements be taken seriously.

Defendant's conduct and threatening statements raised serious concerns among the security and staff at the hotel. A hotel employee called 911 to report the incident and request assistance. Officers of the United States Secret Service Uniformed Division and Metropolitan Police Department both responded to the scene and assisted with deescalating the situation. Defendant was interviewed by officers and subsequently released. Officers also interviewed multiple witnesses and victims on scene. The Secret Service continued to investigate the incident and Defendant's conduct following the incident.

## II.     The Government's Analysis of the Sentencing Guidelines

Though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that the Guidelines provide "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 590 U.S. 38, 49 (2007); *see also United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006) ("*Booker* has not changed how the Guidelines range is to be calculated.") Moreover, the Guidelines' recommended sentencing range will ordinarily "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007); *Dorcely*, 454 F.3d at 376 (noting that "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

To calculate a Guidelines sentence, a district court must first select the applicable offense guideline and then select the base offense level within that applicable offense guideline. *United States v. Flores*, 912 F.3d 613, 616 (D.C. Cir. 2019). As the D.C. Circuit has long held, this inquiry must include an evaluation of all relevant conduct that could affect the Guidelines calculation.

> In the post-*Booker* world, the court must calculate and consider the applicable Guidelines range but is not bound by it. Under the

Guidelines, "the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." *Witte v. United States*, 515 U.S. 389, 393 (1995) (citing U.S.S.G. § 1B1.3). Section 1B1.3 details the conduct the sentencing court may consider in determining the applicable Guidelines range and the commentary to that section states, "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3, Commentary, Background.

### A. Calculation of the Applicable Sentencing Guidelines

The Government calculates Defendant's Guidelines as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2A6.1(a)(1) | Base Offense Level | 12 |
| U.S.S.G. § 2A6.1(b)(6) | *Specific Offense Characteristics* Single Instance Evidencing Little or No Deliberation | - 4 |
| U.S.S.G. § 3A1.2(b) | Official Victim Adjustment | + 6 |
| U.S.S.G. § 3E1.1(a) | Acceptance of Responsibility | - 2 |
| | **Total** | **12** |

### B. Calculation of Defendant's Criminal History Category

U.S.S.G. § 4A1.1 governs the calculation of Defendant's criminal history for Guidelines purposes. Section 4A1.1 assigns points for each of Defendant's prior sentences of imprisonment; the number of criminal history points assigned to each sentence depends on the severity of the sentence and when it was imposed. Here, Defendant has five prior convictions scored under these provisions:

1. Defendant was convicted of Carjacking (Count 2) and Attempted Robbery with a Dangerous Weapon (Count 3) in the Circuit Court of Montgomery County, Maryland, Case No. 10-8846C. On August 15, 2008, Defendant was initially sentenced to 10 years of imprisonment (all but 18 months suspended) and 3 years of probation on Count 2, and 10 years of imprisonment (all suspended) and 3 years of probation on Count 3. On October 19, 2010, Defendant was

4

resentenced to Probation Before Judgment on Count 2, and 9 months and 27 days Unsupervised Probation Before Judgment on Count 3. This conviction warrants one Criminal History Category point pursuant to U.S.S.G. § 4A1.1(c).

2. Defendant was convicted of Armed Robbery in the Circuit Court of Montgomery County, Maryland, Case No. 11-0389C. On August 15, 2008, Defendant was initially sentenced to 10 years of imprisonment (all suspended) and 3 years of probation. On October 19, 2010, Defendant was resentenced to 9 months and 27 days Unsupervised Probation Before Judgment. This conviction warrants one Criminal History Category point pursuant to U.S.S.G. § 4A1.1(e).

3. Defendant was convicted of Criminal Damage to Property (Count 1) and Criminal Trespass to Residence (Count 3) in the Circuit Court for Cook County, Illinois, Case No. 12-CF-7378301. On July 20, 2012, Defendant was initially sentenced to a one-year conditional discharge and a $250 fine; the conditional discharge was subsequently terminated as unsatisfactory on August 17, 2016. This conviction warrants one Criminal History Category point pursuant to U.S.S.G. § 4A1.1(c).

4. Defendant was convicted of Retail Theft in the Circuit Court of Cook County, Illinois, Case No. 13-CR-1021401. On June 17, 2013, Defendant was initially sentenced to 30 months of probation and a $709 fine; the probation was subsequently terminated as unsatisfactory on August 29, 2016. This conviction warrants one Criminal History Category point pursuant to U.S.S.G. § 4A1.1(c).

5. Defendant was convicted of Bank Robbery in the United States District Court for the Northern District of Illinois, Case No. 13-CR-640. On December 10, 2015, Defendant was sentenced to 60 months of imprisonment, three years of supervised release, and a restitution

payment of $2,104. This conviction warrants three Criminal History Category points pursuant to U.S.S.G. § 4A1.1(a).

In addition, Defendant committed the instant offense while on supervised release for this federal bank robbery conviction, Case No. 13-CR-640 (N.D. Ill.). Therefore, two additional Criminal History points are added pursuant to U.S.S.G. § 4A1.1(d).

In sum, the Guidelines assign nine total Criminal History points to Defendant, resulting in a Criminal History Category of IV. Therefore, the Guidelines provide a range of 21 to 27 months of imprisonment for Defendant with a total offense level of 12 and a Criminal History Category of IV.

### III.     The Government's Analysis of the Statutory Sentencing Factors

The Government respectfully submits that the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a) support a sentence in this case at the low end of the applicable Guidelines range. The nature and circumstances of Defendant's offense, the need to provide just punishment and adequate deterrence for the offense, and Defendant's history and characteristics weigh in favor of a sentence of 21 months of imprisonment in this case.

As thoroughly summarized in the Presentence Investigation Report, Defendant has a history of substance abuse, initially involving alcohol at a very young age, followed by marijuana use as a teenager, followed by serious abuse of narcotics beginning at 17 years old and continuing thereafter. To Defendant's credit, Unity Healthcare reports that Defendant has been in treatment for Opioid Use Disorder while in D.C. Department of Corrections custody since March 2, 2021, and further that Defendant has been compliant with the treatment without any reports of misuse or diversion (ECF No. 28-1).

Defendant has a significant criminal history, ranging from thefts to crimes of violence, that demonstrates a concerning history of escalation and multiple failures to learn from – or to be deterred by – prior sentences of imprisonment and terms of probation or supervised release (PSR ¶¶ 28-38). Defendant's instant conduct demonstrates this most clearly, as he threatened to harm and kill the President of the United States, and hotel employees who were simply doing their job – while Defendant was on federal supervised release after serving a 60-month sentence of imprisonment for federal bank robbery. The instant offense occurred after Defendant was both unemployed (following his release from federal imprisonment) and homeless (following his former stepfather removing Defendant from his residence in 2020) (PSR ¶¶ 101-102.) Defendant also has a long history of arrests for thefts, robberies, and similar charges that ultimately did not result on convictions (PSR ¶¶ 43-55).

Defendant's Guidelines range incorporates the specific offense conduct at issue, Defendant's acceptance of responsibility, Defendant's criminal history, and the fact that Defendant was on supervised release when the incident occurred. The Government respectfully submits that a sentence at the low end of the Guidelines range in this case (21 months) would serve to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. *Id.* § 3553(a)(2)(A). The offense was serious – threats to harm or kill the President of the United States are rightfully criminalized under federal law to promote the safety of the President, law enforcement, and the public, and to deter such conduct from occurring. Defendant's conduct in this case does not warrant a sentence that is lower than the low end of the applicable Guidelines range.

Moreover, a sentence at the low end of the Guidelines range (21 months) would provide additional substance abuse treatment for Defendant and improve the likelihood of deterring

Defendant from repeating his history of serious drug abuse, criminal conduct, and unsuccessful supervised release. *See* 18 U.S.C. § 3553(a)(2)(B) and (a)(2)(D).

The Government also recommends that Defendant receive three years of supervised release following his release from a term of imprisonment in this case. Though Defendant was unsuccessful in complying with his previous term of supervised release, the Government believes that an additional term for this case would provide necessary support and supervision for Defendant's reentry and rehabilitation.

### IV.     The Government's Sentencing Recommendation

For the reasons described above, the Government respectfully recommends that the Court impose a sentence of 21 months of incarceration, followed by three years of supervised release, for Defendant's offense in this case.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Thomas G. Strong*
Thomas G. Strong
NY Bar No. 4958658
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20530
Phone: (202) 252-7063
Email: thomas.strong@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on November 9, 2021.

By: /s/ Thomas G. Strong
Thomas G. Strong
Assistant United States Attorney

Case 1:20-cr-00228-TNM   Document 29   Filed 11/09/21   Page 9 of 9
9